# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DEVIN ERIC LAMM,

      Plaintiff,

v.

                                       Case No. 4:18-cv-584-MW/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Defendant.

_____/

## **REPORT AND RECOMMENDATION**

      This prisoner civil rights case is before the court on referral from the clerk of the court. This case was opened on December 17, 2018, upon Plaintiff submitting a document titled "Request for Emergency Help and Emergency Temporary Order" (Doc. 1), in which Plaintiff complained about the conditions of his confinement at Madison Correctional Institution. One month later, upon transfer to Wakulla Correctional Institution, Plaintiff filed a document titled "Failure to Protect Claim" in which he asked not to be confined at Columbia CI, Jefferson CI, Apalachee CI, Madison CI, Tamoka CI, Hamilton CI, Jackson CI, Washington CI, Santa Rosa CI, Taylor CI, Walton CI, Suwannee CI, Gulf CI, or Martin CI. (Doc. 4).

Page 1 of 4

On March 12, 2019, this court issued an order (Doc. 5) advising Plaintiff that a civil action is commenced by filing a complaint (not a "request" or other paper), and that a civil rights complaint must be filed on the court form. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); N.D. Fla. Loc. R. 5.7 (requiring parties not represented by an attorney to use the court form for filing a civil rights complaint). The court also advised Plaintiff that a party filing a civil rights action must simultaneously pay the $400.00 filing fee or file a motion to proceed *in forma pauperis* on the court form. *See* N.D. Fla. Loc. R. 5.3. The court mailed Plaintiff the necessary forms, and ordered him to submit the following within thirty days: (1) a civil rights complaint on the court form, or a notice of voluntary dismissal and (2) the $400.00 filing fee, or a complete application to proceed *in forma pauperis*. (Doc. 5). Plaintiff was warned that failure to comply with the order likely would result in dismissal of this case.

Plaintiff did not comply with the order. Accordingly, on April 26, 2019, this court ordered Plaintiff to show cause, within fourteen days, why this case should not be dismissed for failure to prosecute, failure to pay the filing fee or properly seek leave to proceed *in forma pauperis*, and failure to comply with a court order. (Doc. 7).

In response, Plaintiff sought a 60-day extension of time to comply with the March 12, 2019, order. (Doc. 8). This court granted the extension (Doc. 9), and later granted Plaintiff an additional extension to August 21, 2019. (Doc. 12). The latter deadline passed, and Plaintiff did not comply with the March 12, 2019, order.

Accordingly, on September 4, 2019, this court issued an order, titled "Final Show Cause Order," requiring Plaintiff to show cause within fourteen days why this case should not be dismissed for failure to comply with the March 12, 2019, order. (Doc. 13). The court emphasized the length of time this case has been pending (at that time, nine months) without a proper pleading (complaint) and without Plaintiff's submission of the filing fee or an *in forma pauperis* application.

To date, Plaintiff has not complied with the March 12, 2019, order, and has not responded to the September 4, 2019, final show cause order.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with orders of this court.[1]

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing

Page 3 of 4

2. The clerk be directed to close this case file.

At Panama City, Florida, this 21st day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").